IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MIGUEL ANGEL LUNA,              §
                               §
          Plaintiff,           §
                               §
V.                             §          No. 3:15-cv-3520-D-BN
                               §
LUPE VALDEZ, Dallas County Sheriff, §
and DALLAS COUNTY,             §
                               §
          Defendants.          §

## MEMORANDUM OPINION AND REVISED SCHEDULING ORDER
## AND RECOMMENDATION REGARDING TRIAL SETTING

### Background

After an agreed stay based on a possible settlement, United States District

Judge Sidney A. Fitzwater reset the trial of this case to the two-week docket of

February 20, 2018, and, at the Court's direction, Plaintiff Miguel Angel Luna and

Defendants Lupe Valdez and Dallas County have file a Joint Proposal for Revised

Scheduling Order. *See* Dkt. No. 46 (the "Joint Proposal"). Judge Fitzwater, under 28

U.S.C. § 636(b)(1)(A), referred to the undersigned United States magistrate judge "for

determination the entry of a revised scheduling order, including a determination of

whether discovery should be stayed or limited as defendants urge, and, if appropriate,

any recommendation that the trial setting be adjusted, as necessary." Dkt. No. 49 at

1.

In their Joint Proposal, the parties ask the Court to order a briefing schedule for

Plaintiff's Motion to Compel Requests and Interrogatories [Dkt. No. 16], Plaintiff's

Motion to Compel Disclosures [Dkt. No. 18], Defendant Valdez's Motion for Protective

Order [Dkt. No. 25] (the "MPO"), and Defendants' Motion for Summary Judgment [Dkt. No. 30]. Defendant Valdez's MPO asks the Court to enter a Federal Rule of Civil Procedure 26(c) protective order excusing her from her noticed deposition and any other discovery requests directed to her by Plaintiff until further order of the Court based on the affirmative defense of qualified immunity that she raised in her answer [Dkt. No. 5]. *See* Dkt. No. 25 at 1-2. Defendant Valdez's entitlement to qualified immunity is raised for determination in Defendants' later-filed Motion for Summary Judgment. *See* Dkt. No. 30. And, in the Joint Proposal, based on the February 20, 2018 trial setting, "Plaintiff asserts the stay imposed on October 26, 2016 by this Court's order (Doc. 37) should be lifted and the parties must complete discovery and file a joint estimate of trial length and joint status report concerning the progress of settlement negotiations no later than December 20, 2017," but "Defendants assert that the Court should vacate the current trial setting and continue the stay of discovery pending a determination of the qualified immunity defense of Sheriff Valdez which has been asserted in the defendants' motion for summary judgment filed on October 11, 2016 in this suit." Dkt. No. 46 at 2 (citing *Zapata v. Melson*, 750 F.3d 481, 485 (5th Cir. 2014); *Webb v. Livingston*, 618 F. App'x 201 (5th Cir. 2015) (per curiam)).

Qualified immunity defenses should be decided on an expedited basis. *See Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (noting that "we repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation"). And, as a general matter, discovery, at least as to the individual defendant asserting qualified immunity, should be stayed pending a ruling on this affirmative

defense. *See Wicks v. Miss. State Employment Servs., Inc.*, 41 F.3d 991, 994-95 (5th Cir. 1995); *accord Foreman v. Texas A&M Univ. Sys. Health Sci. Ctr.*, No. 3:08-cv-1469-L, 2008 WL 494267, at \*4 (N.D. Tex. Nov. 12, 2008) (citing *Wicks* in ruling that discovery is stayed pending a ruling on an individual defendant's dispositive motion); *see also Zapata v. Melson*, 750 F.3d 481 (5th Cir. 2014)*; Backe v. LeBlanc*, 691 F.3d 645 (5th Cir. 2012); *Lion Boulos v. Wilson*, 834 F.2d 504 (5th Cir. 1987); *Webb v. Livingston*, 618 F. App'x 201, 206 (5th Cir. 2015) (per curiam). Courts have also extended a stay of discovery to co-defendants under certain circumstances. *See, e.g., Waller v. City of Fort Worth*, No. 4:15-cv-670-Y, 2015 WL 5836041 (N.D. Tex. Oct. 2, 2015) (discussing whether a stay based on an asserted qualified immunity defense should extend to discovery against the municipal entity defendant).

But, where an individual defendant has asserted a qualified immunity defense, the Court can, under certain circumstances, permit limited discovery that is narrowly tailored to uncover facts that the Court needs to rule on the qualified immunity defense. *See Wicks*, 41 F.3d at 994. On a proper request, the Court may authorize a plaintiff to conduct limited discovery in order to respond to the qualified immunity issues raised in a defendant's motion for summary judgment. *See Backe*, 691 F.3d at 648 ("[T]his court has established a careful procedure under which a district court may defer its qualified immunity ruling if further factual development is necessary to ascertain the availability of that defense."); *Hinojosa v. Livingston*, 807 F.3d 657, 670 (5th Cir. 2015) ("[A] district court may elect the defer-and-discover approach 'when the

defendant's immunity claim turns at least partially on a factual question' that must be answered before a ruling can issue." (quoting *Lion Boulos*, 834 F.2d at 507)).

The Court determined that these discovery-related matters need to be resolved before the Court can enter a revised scheduling order for this case. In light of the current trial setting, the Court ordered the following briefing schedule to facilitate efficiently resolving these matters:

- Defendants must file a response to Plaintiff's Motion to Compel Requests and Interrogatories [Dkt. No. 16] and Plaintiff's Motion to Compel Disclosures [Dkt. No. 18] by September 6, 2017, and Plaintiff must file a reply by September 18, 2017.

- Plaintiff must file a response to Defendant Valdez's Motion for Protective Order [Dkt. No. 25] by September 6, 2017, and Defendant Valdez must file a reply by September 18, 2017.

- Defendant Dallas County must, by September 6, 2017, file a supplemental brief full explaining and providing support for its position that the Court should vacate the current trial setting and continue the stay of discovery pending a determination of Defendant Valdez's qualified immunity defense, and Plaintiff must file a response to this supplemental brief by September 18, 2017.

- Plaintiff must, by September 6, 2017, file a brief explaining – in light of the possibility that the Court may order a stay of discovery involving Defendant Valdez, Defendant Dallas County, or both based on Defendant Valdez's qualified immunity defense – what, if any, limited discovery Plaintiff would require to

respond to the qualified immunity issues raised in Defendants' Motion for Summary Judgment [Dkt. No. 30]. This explanation must include: (1) the specific interrogatories, if any, that Plaintiff needs to have answered by Defendant Valdez, Defendant Dallas County, or both; (2) a list of the specific document requests, if any, in response to which Plaintiff needs Defendant Valdez, Defendant Dallas County, or both to produce documents; and (3) an explanation of why this discovery is necessary to enable Plaintiff to respond to the qualified immunity issues raised in Defendants' Motion for Summary Judgment. Any such discovery must be narrowly tailored to uncover only those facts needed for the Court to rule on the qualified immunity defense and, if Defendants otherwise prevail on their request for a stay or protective order, would only be permitted if Defendant Valdez's qualified immunity defense turns at least partially on a factual question and the Court would be unable to rule on this affirmative defense without further clarification of the facts. *See Lion Boulos*, 834 F.2d at 507-08; *see also Webb*, 618 F. App'x at 206 ("If the complaint alleges facts sufficient to overcome the defense of qualified immunity, and the district court is 'unable to rule on the immunity defense without further clarification of the facts,' then it may allow discovery 'narrowly tailored to uncover only those facts needed to rule on the immunity claim.'" (quoting *Backe*, 691 F.3d at 648 (in turn quoting *Lion Boulos*, 834 F.2d at 507-08))). Defendants must file a response to this brief by September 18, 2017.

After the Court entered this briefing order, Plaintiff filed his Amended Motion to Compel Responses to Requests and Interrogatories [Dkt. No. 51], and Defendants filed a Motion to Stay Discovery or, in the Alternative, for a Protective Order [Dkt. No. 58], which Judge Fitzwater referred to the undersigned for determination. *See* Dkt. No. 59.

Defendants responded to Plaintiff's Motion to Compel Requests and Interrogatories [Dkt. No. 16] and Amended Motion to Compel Responses to Requests and Interrogatories [Dkt. No. 51], *see* Dkt. No. 56, and to Plaintiff's Motion to Compel Disclosures [Dkt. No. 18], *see* Dkt. No. 55, and Plaintiff filed replies in support of these motions, *see* Dkt. Nos. 62 & 63.

Plaintiff filed a response to Defendant Valdez's Motion for Protective Order [Dkt. No. 25], *see* Dkt. No. 57, and to Defendants' Motion to Stay Discovery or, in the Alternative, for a Protective Order [Dkt. No. 58], *see* Dkt. No. 64, and Defendant Valdez filed a reply in support of her motion, *see* Dkt. No. 61.

The Court was scheduled to hear oral argument on Plaintiff's Motion to Compel Requests and Interrogatories [Dkt. No. 16], Plaintiff's Amended Motion to Compel Responses to Requests and Interrogatories [Dkt. No. 51], Plaintiff's Motion to Compel Disclosures [Dkt. No. 18], Defendant Valdez's Motion for Protective Order [Dkt. No. 25], and Defendants' Motion to Stay Discovery or, in the Alternative, for a Protective Order [Dkt. No. 58] and on the matters in the Court's August 24, 2017 supplemental briefing order [Dkt. No. 50] on September 20, 2017 and had explained that "[t]he Court will thereafter enter a revised scheduling order, including a determination of whether

discovery should be stayed or limited as defendants urge, and, if appropriate, any recommendation that the trial setting be adjusted, as necessary." Dkt. No. 50 at 6. But the Court canceled the oral argument after reviewing the briefing and determining it was unnecessary. *See* Dkt. No. 65.

Plaintiff then filed a Motion for Leave to File Surreply to Defendant Valdez's Reply to Plaintiff's Response to Defendant Valdez's Motion for Protective Order, *see* Dkt. No. 66, to which the Court ordered Defendants to respond and address both Plaintiff's request for leave and the substance of the proposed surreply [Dkt. No. 67], *see* Dkt. No. 68. Defendants then filed their response. *See* Dkt. No. 69.

The Court now TERMINATES as moot Plaintiff's Motion to Compel Requests and Interrogatories [Dkt. No. 16], DENIES without prejudice Plaintiff's Amended Motion to Compel Responses to Requests and Interrogatories [Dkt. No. 51], DENIES in part as moot Plaintiff's Motion to Compel Disclosures [Dkt. No. 18], GRANTS Plaintiff's Motion for Leave to File Surreply to Defendant Valdez's Reply to Plaintiff's Response to Defendant Valdez's Motion for Protective Order [Dkt. No. 66], Defendant Valdez's Motion for Protective Order [Dkt. No. 25], and Defendants' Motion to Stay Discovery or, in the Alternative, for a Protective Order [Dkt. No. 58], and enters a revised scheduling order.

**Legal Standard and Analysis**

A.    <u>Defendant Valdez's Motion for Protective Order</u>

In response to Defendant Valdez's Motion for Protective Order [Dkt. No. 25], Plaintiff seeks to show that Valdez is not entitled to qualified immunity and should therefore be subject to discovery. *See* Dkt. No. 57; Dkt. No. 64.

That is not consistent with the procedure that the Fifth Circuit has developed under these circumstances. Defendant Valdez has pleaded a qualified immunity defense and is entitled to a stay of discovery pending the Court's resolving that defense on Defendants' Motion for Summary Judgment [Dkt. No. 30], not on these discovery motions or in connection with entering the revised scheduling order. As Judge Fitzwater has explained in a related context, if Defendant Valdez "is entitled to qualified immunity, the court can (and must) dismiss [Plaintiff's] claims against [her] without reaching the other grounds of" Defendants' Motion for Summary Judgment as to Valdez," but, if Valdez "is entitled to qualified immunity as to some but not all claims, the court can narrow its analysis of [her motion for summary judgment] to the claims for which [she] is not entitled to qualified immunity." *Escobar v. Montee*, No. 3:15-cv-1962-D, 2016 WL 397087, at *3 n.7 (N.D. Tex. Feb. 2, 2016).

Discovery from Valdez is only permitted if the Court first determines that Plaintiff has pleaded "specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity" and then determines that the Court "remains unable to rule on the immunity defense without further clarification of the

-8-

facts." *Backe*, 691 F.3d at 648 (internal quotation marks omitted). Even then, the Court may only "issue a discovery order narrowly tailored to uncover only those facts needed to rule on the immunity claim." *Id.* (internal quotation marks omitted).

That Valdez was disclosed as a witness under Federal Rule of Civil Procedure 26(a) or that Plaintiff believes that the discovery he seeks from Valdez it is all within the proper scope of permissible discovery under Federal Rule of Civil Procedure 26(b)(1) and is not overly broad does not change that.

Plaintiff also contends that, in *Wicks*, the Fifth Circuit held that "a party asserting the defense of qualified immunity is not immune from all discovery, only that which is avoidable or overly broad." Dkt. No. 57 at 2. But, as another judge in this circuit recently explained, the Fifth Circuit, "[a]s clarification, ... explained that it is only when the district court 'is unable to rule on the immunity defense without further clarification of the facts' and when the discovery order is 'narrowly tailored to uncover only those facts needed to rule on the immunity claim,' that an order allowing limited discovery is neither avoidable nor overly broad." *Baker v. Ephion*, Civ. A. No. 15-838-BAJ-RLB, 2017 WL 3996415, at *2 (M.D. La. Sept. 11, 2017) (quoting *Lion Boulos*, 834 F.2d at 507-08); *accord Guillot v. Day*, 95 F.3d 1147, No. 95-31235, 1996 WL 481170, at *2 (5th Cir. Aug. 6, 1996) (per curiam) (unpublished table decision) (explaining that, when the district court "cannot rule on the immunity defense without first clarifying the facts relating to the immunity, and when a discovery order is narrowly tailored to uncover only those facts needed to rule on the immunity claim, the order is neither avoidable or overly broad"); *Vandagriff v. EFAC Inc.*, 71 F.3d 877, No. 95-20329, 1995

WL 725405, at *2 (5th Cir. Nov. 13, 1995) (per curiam) (unpublished table decision) ("Discovery is neither avoidable nor overly broad if (1) the immunity claim turns at least partially on a question of fact; (2) the district court is unable to rule on the immunity defense without further clarification of the facts; and (3) the discovery order is narrowly tailored to uncover only those facts needed to rule on the immunity claim."). The decision in *Wicks* itself quoted this same language from the earlier *Lion Boulos* decision immediately after the sentence on which Plaintiff relies: "We stated that when the district court 'is unable to rule on the immunity defense without further clarification of the facts' and when the discovery order is 'narrowly tailored to uncover only those facts needed to rule on the immunity claim,' an order allowing such limited discovery is neither avoidable nor overly broad." *Wicks*, 41 F.3d at 994 (footnote omitted; quoting *Lion Boulos*, 834 F.2d at 507-08).

Plaintiff also contends that *Zapata v. Melson*, 750 F.3d 481, 484-85 (5th Cir. 2014), provides that a "district court can allow discovery to go forward where plaintiff has pleaded facts allowing the court to draw the 'reasonable inference' that defendant is liable for the harm alleged by plaintiff and that defeat qualified immunity defense." Dkt. No. 57 at 3. But the Fifth Circuit in *Zapata* then explained that, "[a]fter the district court finds a plaintiff has so pleaded, if the court remains 'unable to rule on the immunity defense without further clarification of the facts,' it may issue a discovery order 'narrowly tailored to uncover only those facts needed to rule on the immunity claim.'" 750 F.3d at 485 (quoting *Backe*, 691 F.3d at 648 (quoting *Lion Boulos*, 834 F.2d at 507-08)); *accord Doe v. Eason*, No. 3:98-cv-2454-P, 1999 WL 33942102, at *1 (N.D.

-10-

Tex. Aug. 6, 1999) (explaining that, under the *Lion Boulos* framework, "if the immunity claim turns partially on a question of fact and the court is unable to rule on the immunity defense without further clarification of the facts then the court may allow discovery that is narrowly tailored to uncover those facts needed to rule on the immunity claim"). The *Zapata* decision also explained that "'[o]ne of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive," and that, "[c]onsequently, this court has established a careful procedure under which a district court may defer its qualified immunity ruling if further factual development is necessary to ascertain the availability of that defense." 750 F.3d at 484-85 (quoting *Backe*, 691 F.3d at 648).

Based on Defendant Valdez's assertion of "the affirmative defense of qualified immunity, "[a] stay of discovery is currently in place, and any discovery that is permitted of the individual defendants will be limited in scope unless and until [Plaintiff] defeats the defense." *Williams v. City of Dallas*, 178 F.R.D. 103, 111 (N.D. Tex. 1998); *see also Magee v. Bowles*, No. 3:97-cv-2465-D, 1998 WL 873013, at *1 (N.D. Tex. Dec. 1, 1998) (noting "the settled jurisprudence of this circuit that limited discovery is allowed, despite the assertion of qualified immunity, when the discovery is necessary to rule on the defense and is narrowly tailored to the facts necessary to resolve the defense").

Although ordered to do so, *see* Dkt. No. 50 – and given opportunities to do so in response to each of Defendant Valdez's Motion for Protective Order [Dkt. No. 25] and Defendants' Motion to Stay Discovery or, in the Alternative, for a Protective Order

[Dkt. No. 58], *see* Dkt. Nos. 57 & 64 – Plaintiff did not explain what, if any, limited discovery Plaintiff would require to respond to the qualified immunity issues raised in Defendants' Motion for Summary Judgment [Dkt. No. 30]. Instead, he asserted that "Plaintiff is entitled to take the deposition of Defendant Valdez – a named party to this lawsuit" – and that Valdez should be required "to respond to discovery requests from the Plaintiff." Dkt. No. 57 at 2; *see also* Dkt. No. 64 at 2. The Fifth Circuit law regarding immunity from discovery pending resolution of an individual defendant's qualified immunity defense does not admit of an exception based on that defendant's status as a named party.

In his original briefing, Plaintiff's only specific example is to note that "Defendants assert in their motion for summary judgment that Sheriff Valdez cannot be held liable 'for [Plaintiff's] extended incarceration because the moving force behind that incarceration was not an official policy of [Sheriff Valdez]. ..' Yet, Defendants objected and refused to answer Plaintiff's Interrogatory No. 2, requesting information about Sheriff Valdez's policies, procedures, guidelines, recommendations or practices related to inmates with immigration detainers." Dkt. No. 63 at 3. But even this example does not explain how that interrogatory is narrowly tailored to uncover facts that the Court will require to rule on the qualified immunity defense.

But Plaintiff belatedly filed a motion for leave to file a surreply "to point out specific discovery needed from Defendant Valdez on her qualified immunity defense, some of which was already delineated in Plaintiff's Reply to Defendants' Supplemental Response to Plaintiff's Amended Motion to Compel Defendants' Complete Responses

to Requests and Interrogatories (Doc. 63, pp. 2-3)." Dkt. No. 66 at 1-2. Plaintiff's counsel explains that

> Plaintiff complied with this Court's Recent Orders, Docs. 50, 54, and 60 by timely filing the court-ordered documents set forth in the Docket Text of those Orders. (*See* Plaintiff's Response to Defendant Valdez's Motion for Protective Order and Brief in Support (Doc. 57), Plaintiff's Reply to Defendants' Supplemental Response to Plaintiff's Amended Motion to Compel Defendants' Complete Responses to Requests and Interrogatories (Doc. 63), and Plaintiff's Response to Defendants' Motion to Stay Discovery (Doc. 64)).
>
> Upon reviewing Defendant Valdez's Reply on September 19, 2017, however, the undersigned Plaintiff's counsel realized, while it was not mentioned in the Docket Text of Doc. 50 (Order Setting Briefing Deadlines and Oral Argument), the Court was also requiring Plaintiff to brief to the Court, "what, if any, limited discovery Plaintiff would require to respond to the qualified immunity issues raised in Defendants' MSJ," including specific interrogatories, specific document requests, and an explanation of why this discovery is necessary. (*See* text of Doc. 50, pp. 4-5).
>
> The undersigned Plaintiff's counsel did not intentionally omit the foregoing briefing, as it was an oversight; Plaintiff's counsel had planned on addressing such specific, limited discovery with the Court at the scheduled hearing on September 20, 2017. Since that hearing was cancelled by the Court (Doc. 65) yesterday, Plaintiff respectfully submits this Surreply to outline the specific discovery Plaintiff would require to respond to the qualified immunity issues raised in Defendants' MSJ for this Court's consideration....

Dkt. 67 at 1-2.

> Defendant responds that

> Plaintiff's counsel argues that this Court should grant leave to file a sur-reply because (1) counsel failed to read the Court's Order entered on August 24, 2017, which instructed him to file supplemental briefing on what, if any, limited discovery was necessary to respond to the qualified immunity issues raised in Defendants' motion for summary judgment and (2) counsel intentionally chose to reserve argument regarding what discovery was needed for the hearing on September 20, 2017, which this Court subsequently canceled. (Proposed Sur-Reply, Doc. 67, p. 2). "[S]ur-replies are 'highly disfavored' and are permitted only in 'exceptional or extraordinary circumstances.'" *Highmark, Inc. v. Allcare*

*Health Management Systems, Inc.*, No. 4:03-cv-1384-Y (N.D. Tex. Sept. 29, 2015) (ECF 716, p. 1) (Means, J.) (citing *Lacher v. West*, 147 F. Supp. 2d 538, 539 (N.D. Tex. 2001) (Lindsay, J.)). "In other words, in seeking leave to file a surreply brief, a party must identify the new issues, theories, or arguments which the movant raised for the first time in its reply brief." *Weems v. Hodnett*, No. 10-CV-1452, 2011 WL 2731263 at *1 (W.D. La. July 13, 2011) (Hornsby, M.J.) (not designated for publication) (citing *Lacher*, 147 F. Supp. 2d at 539-40). Plaintiff fails to meet his burden of showing the existence of exceptional or extraordinary circumstances for the following reasons.

First, Plaintiff offers no authority supporting the proposition that counsels' decision not to read the Court's order is an exceptional or extraordinary basis for granting a sur-reply. (Doc. 67, pp. 2-3). "A sur-reply is appropriate by the non-movant only when the movant raises new legal theories or attempts to present new evidence at the reply stage." *Racetrac Petroleum, Inc. v. J.J.'s Fast Stop, Inc.*, No. 3:01-CV-1397, 2003 WL 251318 at *18 (N.D. Tex. Feb. 3, 2003) (Solis, J.) (not designated for publication)).

Second, Sheriff Valdez respectfully submits that this Court should not grant leave to file a sur-reply because Plaintiff has had numerous opportunities to explain to this Court what discovery, if any, is necessary. This Court ordered extensive and often times overlapping briefing on the stay issue. In fact, Plaintiff has previously filed numerous responses and replies regarding the outstanding discovery disputes, including Sheriff Valdez's pending motion for protective order. (Doc. 50). *See Lurie v. Meserve*, 214 F. Supp. 2d 546, 548 (D. Md. 2002) (concluding that because parties had the prior opportunity to brief the issue, plaintiff's motion for leave to file a surreply was moot). For example, in his response to Sheriff Valdez's motion for protective order, Plaintiff failed to explain what facts, material to Sheriff Valdez's qualified immunity, could be gleaned from her deposition. Instead, Plaintiff ignored the *Backe*, *Wicks*, and *Lion Boulous* framework and focused exclusively upon the allegations plead in Plaintiff's complaint. (Doc. 57, pp. 3-9). [It appears that Plaintiff's proposed sur-reply is actually a "sur-reply" to Defendants' Motion for Stay as it covers much broader discovery than that limited to Sheriff Valdez's deposition.]

Plaintiff also had the opportunity to explain what, if any discovery was needed in responding to Defendants' motion to stay discovery until the issue of qualified immunity was resolved. (Doc. 58). In support of the motion for stay, undersigned counsel briefed the well-settled, careful procedure set forth in *Backe*, *Wicks*, and *Lion Boulous* for determining whether a court should allow limited discovery after qualified immunity has been invoked. (Doc. 58, p. 4). Plaintiff filed a response on September

18, 2017, in which he again omitted any briefing or analysis pursuant to *Backe*, *Wicks*, and *Lion Boulous*, as well as any discussion of what specific discovery was needed, and why such discovery was material to the issue of qualified immunity. (Doc. 60, pp. 4-6). Plaintiff offers no explanation why the contents of the proposed sur-reply were not included in either of Plaintiff's responses to the motion for protective order and motion for stay. *See In re Schott*, No., 2011 WL 382026 at *12-13 (W.D. Tex. Aug. 30, 2011) (not designated for publication) (granting motion to strike surreply in part where party provided no explanation why argument could not have been raised before and the surreply did not address new issues raised in a reply).

Third, undersigned counsel put Plaintiff's counsel on additional notice, prior to Plaintiff's counsel filing a response to the motion for stay, that Plaintiff had not yet explained what if any discovery was needed. On September 15, 2017 – three days before Plaintiff's response to the motion for stay was filed and four days before Plaintiff filed the instant motion for leave – undersigned counsel filed Sheriff Valdez's reply to the motion for protective order, which stated:

> [This] Court instructed Plaintiff to file a brief before September 6, 2017, explaining 'what, if any, limited discovery Plaintiff would require to respond to the qualified immunity issues raised in Defendants' MSJ' including specific interrogatories and document requests and an explanation of why such discovery is necessary to respond to the qualified immunity defense. (Doc. 50, pp. 5-6). Plaintiff has not done so, thereby, depriving Sheriff Valdez of the opportunity, prior to this Court's hearing on the issue, to file a written response to what if any discovery Plaintiff deems necessary.

(Doc. 61, pp. 3-4). It was only after this Court cancelled its hearing on the disputed matters that Plaintiff sought leave to file a "sur-reply". (Doc. 67, pp. 2-3).

As a final matter, Plaintiff's counsels' admitted sandbagging strategy of reserving argument on the issue of what discovery was needed until the hearing on September 20, 2017, rather than include those arguments in Plaintiff's written responses to the motion for protective order and motion for stay, also does not create the exceptional and extraordinary circumstances warranting the filing of the proposed sur-reply:

> Plaintiff's counsel had planned on addressing such specific, limited discovery with the Court at the scheduled hearing on September 20, 2017. Since the hearing was cancelled by the Court yesterday, Plaintiff respectfully submits this Surreply to outline the specific discovery Plaintiff would require to respond to the qualified

> immunity issues raised in Defendants' MSJ for this Court's consideration....

(Doc. 67, pp. 2-3). Such gamesmanship, however, deprives Defendants of the opportunity to file a written response in contravention of both the Local Rules and this Court's briefing orders.

> For these reasons, Sheriff Valdez respectfully submits that Plaintiff's counsels' conscious decisions to not read this Court's August 24, 2017 order and to reserve any argument regarding what discovery was needed until the court's hearing are not exceptional nor extraordinary circumstances justifying the filing of a highly disfavored sur-reply.

Dkt. No. 68 at 1-4 (footnote omitted).

Plaintiff was given an adequate opportunity to present this information as originally ordered, and Defendants did point out his failure to do so in a September 15, 2017 reply. And counsel are reminded that they are responsible for reading court orders and not simply docket text entries or notices of electronic filing. *See, e.g.*, *Payne v. Highland Homes, Ltd.*, No. 4:14-cv-369, 2014 WL 4303769, at *1 n.3 (E.D. Tex. Aug. 29, 2014).

Nevertheless, the Court will, in light of the Fifth Circuit's decision in *Austin v. Kroger Texas, L.P.*, 864 F.3d 326 (5th Cir. 2017), GRANT the Motion for Leave to File Surreply to Defendant Valdez's Reply to Plaintiff's Response to Defendant Valdez's Motion for Protective Order [Dkt. No. 66] and consider the substance of Plaintiff's Surreply to Defendant Valdez's Reply to Plaintiff's Response to Defendant Valdez's Motion for Protective Order [Dkt. No. 67] and Defendants' response to the surreply [Dkt. No. 68].

Substantively, Plaintiff's surreply provides the following information regarding the specific discovery Plaintiff would require to respond to the qualified immunity issues raised in Defendants' Motion for Summary Judgment:

- **Response by Defendant Valdez to Interrogatory No. 2.** The discovery delineated in Plaintiff's Reply to Defendants' Supplemental Response to Plaintiff's Amended Motion to Compel

Defendants' Complete Responses to Requests and Interrogatories (Doc. 63, pp. 2-3) is necessary for the qualified immunity issue. As set forth therein, Defendants assert in their motion for summary judgment that Sheriff Valdez cannot be held liable "for [Plaintiff's] extended incarceration because the moving force behind that incarceration was not an official policy of [Sheriff Valdez]...." Yet, Defendants objected and refused to answer Plaintiff's Interrogatory No. 2, requesting information about Sheriff Valdez's policies, procedures, guidelines, recommendations or practices related to inmates with immigration detainers.

- **<u>Defendant Valdez's Deposition on key issues related to her assertion of qualified immunity.</u>** Defendant Valdez's deposition is necessary to inquire into the foregoing issue, as well as her personal and individual involvement, rationale, and oversight in formulating official policies, procedures, guidelines, recommendations, and practices for denying bail to anyone subject to an immigration detainer, continuing to detain individuals with immigration holds that have previously been cleared for release, and training her employees with respect to implementing those official policies, procedures, guidelines, recommendations, and practices, as well as the issue of whether her conduct at the time in question was objectively unreasonable in light of clearly established law at that time – all issues that go to the very crux of this lawsuit and are necessary for Plaintiff to make a meaningful response to Defendants' MSJ and Defendant Valdez's assertion of qualified immunity.

- **<u>Defendant Valdez's production of documents</u>** related to her personal involvement in training employees training employees regarding prisoner complaints and inquiries (Request No. 7), submissions by Sheriff Valdez to SCAAP (Request No. 10), policy or procedural changes regarding the use of immigration detainers (Request No. 11), immigration detainers issued after October 2013 (Request No. 15), communications between Sheriff Valdez and other related specifically to her policies for immigration detainers (Request No. 16), Sheriff Valdez's communication with the Office of the Governor regarding immigration policy (Request Nos. 17 and 18), documents related to inquiries or questions from news media or others related to Sheriff Valdez's policies regarding immigration detainers.

- **<u>Response by Defendant Valdez to Interrogatory Nos. 7 and 8</u>** related to Sheriff Valdez's personal involvement, rationale, and oversight in formulating official policies, procedures, guidelines, recommendations, and practices related, respectively, to (a) labor

or work performed by inmates while detained, and (b) how a detainee with an immigration hold would go about securing release.

- All of the foregoing requests, interrogatories, and topics of deposition testimony directly relate to the qualified immunity issues of whether Defendant Valdez violated the Plaintiff's constitutional rights and whether her actions at the time of the conduct in question were objectively unreasonable, which discovery Plaintiff needs from Sheriff Valdez to meaningfully respond to her summary judgment point on qualified immunity.

Dkt. 67 at 3-5.

Defendants respond that

Plaintiff's conclusory statements fail to show what, if any, discovery is needed for resolution of Defendants' motion for summary judgment. To the contrary, Plaintiff has received all the discovery necessary to respond to the only issues before this Court: (1) does a clerk's unintentional error in omitting Plaintiff's name from a list, thereby resulting in his confinement beyond his sentence completion, rise to the level of a civil rights violation and (2) if there is a constitutional violation, can Sheriff Valdez be held liable pursuant to the theory of respondeat superior for that negligent act. As further discussed infra, Plaintiff also includes several discovery items that Defendants either have already produced or were addressed during previously conducted depositions of numerous fact witnesses to all material events.

### • <u>Sheriff Valdez's Deposition</u>

Plaintiff argues that he must depose Sheriff Valdez in order to establish her personal and individual involvement in the matter of Plaintiff's confinement. (Doc. 67, p. 3). For the myriad of reasons asserted in Defendants' summary judgment motion and brief, Plaintiff has not and cannot state a legally cognizable claim pursuant to 42 U.S.C. § 1983. (Docs. 30, 31, 32); *See also Daniels v. Williams*, 474 U.S. 327 (1986) and *Davidson v. Cannon*, 474 U.S. 344 (1986) (for proposition that a legal claim of negligence is insufficient to establish municipal or individual liability for an alleged due process violation pursuant to 42 U.S.C. § 1983) and *Scott v. Valdez*, No. 3:16-cv-1655-C (N.D. Tex. March 6, 2017) (ECF Nos. 33 and 34) (dismissing civil rights claim against Dallas County premised upon unlawful detention of 200 days in the County Jail for failure to state a claim where allegations of improper case management, i.e. negligence, were insufficient to establish deliberate indifference). Sheriff Valdez also incorporates by this reference, as if fully set forth

herein, Defendants' prior filings addressing the pending motion for protective order. (Docs. 25, 57, and 61).

Moreover, Defendants have already provided discovery of the pertinent training and policy at issue regarding clerical staff in the Release Section. In addition to receiving the Standard Operating Procedures and Code of Conduct, Plaintiff also received the manual for the data Management Unit of the Sheriff's Office ("DMU Manual"), which directs the policy to be followed by employees at the clerical level. (Doc. 32, pp. 1, 69, 82-86). Plaintiff's counsel also has deposed the individuals with personal knowledge of the human error that led to Plaintiff's continued incarceration, which included: Cheryl McElroy, Release Section Clerk (deposed June 17, 2016); Jimmy Patterson, Director of Data Management System Unit (deposed September 6, 2016); Joe Gray, Dallas County IT Lead Developer (deposed September 6, 2016); Assistant Chief Jason Hartgraves (deposed June 20, 2016); and Sunila Zachariah, Release Section Disposition Supervisor (deposed June 17, 2016). As such, Sheriff Valdez's immunity from suit shields her from deposition.

· **Interrogatory No. 7:** Please describe your policies, procedures, guidelines, recommendations, or practices (whether formal or informal) regarding work or labor performed by a detainee of your jail facilities, including compensation provided to detainees for that work or labor.

This discovery is not material to resolution of the qualified immunity issue because, as fully briefed in Defendants' motion for summary judgment and brief, Plaintiff does not have a legally cognizable claim for involuntary servitude in violation of the Thirteenth Amendment. (Doc. 31, pp. 9-10). In any event, Defendant's prior counsel stated in Sheriff Valdez's response to Plaintiff's Motion to Compel Interrogatories that Defendants do not provide compensation, nor did Plaintiff receive any such compensation, for "work or labor." (Doc. 29, p. 14).

· **Request for Production 7:** All documents relating to the training of your detention officers, including training of such detention officers in responding to prisoner inquiries and complaints and when to notify a supervisor of any inquiry, complaint, or incident.

The discovery sought is not material to resolution of the qualified immunity issue because Plaintiff's continued confinement was due to an error at the clerical level, rather than policy level. In any event, Defendants previously produced a copy of the Standard Operating Procedures for the facility where Plaintiff was confined in the Jail, as well as the Code of Conduct governing the actions of all Sheriff employees. Undersigned counsel reminded Plaintiff's counsel via email on August 29, 2017, that Defendants had already produced all documents responsive to RFP 7.

- **Request for Production 16:** All documents relating to communication between Sheriff Valdez and any other person or entity relating to the conduct or incidents forming the basis of this action.

With the exception of attorney-client privileged communications, Defendants previously produced the requested documents to Plaintiff's counsel on April 12, 2016. (Doc. 29, p. 8).

- **Request for Production 17:** All documents relating to communication between Sheriff Valdez and any other person or entity relating to the conduct or incidents forming the basis of this action.

Defendants previously produced a draft of a letter responsive to this request, and undersigned counsel reminded Plaintiff's counsel in an August 29, 2017, email that Defendants had already produced all documents responsive to RFP 17. Undersigned counsel sent a subsequent email on August 31, 2017, confirming that no other correspondence responsive to RFP 17 existed.

- **Request for Production 10:** All documents, including all submissions, and applications to the U.S. Department of Justice (including the Bureau of Justice Assistance) relating to the State Criminal Alien Assistance Program (SCAAP), including any inmate files supporting those documents, submissions, and/or applications.

- **Request for Production 11:** All documents relating to the policy or procedural changes in your handling of immigration detainers during the calendar year 2015.

- **Request for Production 15:** All immigration detainers issued on or after October 1, 2013, regarding your prisoners and all documents describing or documenting the date of release of those prisoners, and the reason for the release.

- **Request for Production 18:** All documents relating to communication between you and the office of the Governor of Texas regarding immigration related policies, procedures, or practices.

- **Interrogatory No. 2:** Please describe all your policies, procedures, guidelines, recommendations or practices (whether formal or informal) related to arrestees or detainees by virtue of their being or possibly being (i) in the United States without lawful immigration status, (ii) non-US citizens, (iii) born outside of the United States; (iv) in the United States without authorization of DHS, (v) the subject of any request by DHS to detain or perform some other action pursuant to Form I-247, I-247D, I-247N, or otherwise, or (vi) the subject of an immigration hold.

- **Interrogatory No. 8:** Please describe all your policies, procedures, guidelines, recommendations, or practices (whether formal or informal) by which a detainee of your jail facilities could secure or

could have secured release if that detainee has or had an immigration hold.

    In his proposed sur-reply, Plaintiff does not explain how or why any of this discovery is necessary for this Court to resolve the issue of qualified immunity in accordance with the framework established by *Backe*, *Wicks*, and *Lion Boulous*. (Doc. 67, pp. 4-5). Instead, Plaintiff merely states in conclusory manner that "[a]ll of the foregoing requests, interrogatories, and topics of deposition testimony directly relate to the qualified immunity issues of whether Sheriff Valdez violated the Plaintiff's constitutional rights and whether her actions at the time of the conduct in question were objectively unreasonable, which discovery Plaintiff needs from Sheriff Valdez to meaningfully respond to her summary judgment point on qualified immunity." (Doc. 67, p. 5).

    Sheriff Valdez respectfully submits that the discovery sought is not relevant to this suit, let alone material to the issue of qualified immunity. [Defendants previously objected to the above Requests for Production as irrelevant and unduly burdensome, and incorporate by this reference, as if fully set forth herein, Defendants' prior filings addressing the matter. (Doc. 29, pp. 3-9; Doc. 56; Doc. 56-1).] Plaintiff was held past the conclusion of his sentence not because of an ICE detainer policy but because a clerk working in Data Management, a clerical division of the Sheriff's Department, omitted Plaintiff's name from a list. (Doc. 32, p. 7). In fact, the clerk was subsequently reprimanded because her negligent omission, while an unintentional human error, violated the DMU Manual, as previously disclosed to Plaintiff's counsel. (Doc. 32, pp. 15, 82-86). And as this Court knows well, neither negligence nor respondeat superior liability is ever enough to establish a constitutional violation or a basis for Section 1983 liability against an individual or a municipality. Moreover, having deposed numerous individuals with personal knowledge of the events both before and after the clerical error was made, Sheriff Valdez respectfully submits Plaintiff's assertion that additional discovery is needed regarding ICE detentions, releases, and policies is not made in good faith.

Dkt. No. 69 at 4-9 (footnotes omitted).

    Even assuming that Plaintiff has pleaded specific facts that both allow the Court to draw the reasonable inference that Defendant Valdez is liable for the harm that he has alleged and that defeat a qualified immunity defense with equal specificity, Plaintiff has failed to show that this requested discovery is required for him to respond to the qualified immunity issues raised in Defendants' Motion for Summary Judgment

[Dkt. No. 30] and is narrowly tailored to uncover only those facts needed for the Court to rule on the qualified immunity defense. Plaintiff does not explain what testimony he needs from Defendant Valdez herself in the face of the discovery already provided to him regarding any policies, procedures, guidelines, recommendations, or practices related to inmates with immigration detainers. An answer to Interrogatory No. 7 is not necessary for qualified immunity purposes where the facts are undisputed that Defendants do not provide compensation, nor did Plaintiff receive any such compensation, for "work or labor" and any immunity issues as to a claim for involuntary servitude in violation of the Thirteenth Amendment will not turn on a factual question that must be answered before a ruling can issue. No limited discovery order as to Request for Production Nos. 7, 16, and 17 is necessary where Defendants' counsel affirms that all responsive documents have been produced and a party cannot produce more than it has. The Court already addressed Interrogatory No. 2 above, on which Plaintiff provides nothing new in his surreply. And, as to Request Nos. 10, 11, 15, and 18 and Interrogatory No. 8, Defendants are correct that Plaintiff has still not explained how or why any of this discovery is necessary for the Court to resolve the issue of qualified immunity.

On this record, the Court must, under the governing law, GRANT Defendant Valdez's Motion for Protective Order [Dkt. No. 25] and stay all discovery against Defendant Valdez, including her deposition, pending the Court's resolution of the affirmative defense of qualified immunity that she raised in her answer [Dkt. No. 5].

B.     Defendants' Motion to Stay Discovery or, Alternatively, for a Protective Order

In their Motion to Stay Discovery or, in the Alternative, for a Protective Order, Defendants "move the Court to stay all discovery herein, pending a determination of Defendant Sheriff Valdez's entitlement to qualified immunity in this suit. In the alternative, Defendants move the Court to enter a protective order which allows only

limited discovery narrowly tailored to uncover those facts necessary for the Court to rule on the qualified immunity claim of Sheriff Valdez in this suit." Dkt. No. 58 at 1.

Defendants assert that "there is no discovery needed to resolve Sheriff Valdez' entitlement to qualified immunity," where, "[f]or the myriad of reasons asserted in Defendants' Motion for Summary Judgment, Plaintiff has not and cannot state a legally cognizable claim against her pursuant to 42 U.S.C. § 1983." *Id.* at 5. Defendants also assert that, "because Plaintiff's claims and theories of liability against Dallas County in this suit are identical to and factually derivative of the claims against Sheriff Valdez, Defendants assert that the Court should stay all discovery, including any discovery directed to Dallas County as well, until the Court addresses the qualified immunity issues under the framework required by" the Fifth Circuit's case law. *Id.* at 6.

According to Defendants, "[e]ven if Plaintiff directs a discovery request only to Dallas County, it is clear that Sheriff Valdez will be required to respond to it and/or participate in the discovery process prior to the resolution of her qualified immunity defense. *See Waller v. City of Fort Worth*, No. 4:15-cv-670-F, 2015 WL 5836041 (N.D. Tex. Oct. 2, 2015) (discussing whether a stay based on an asserted qualified immunity defense should extend to discovery against the municipal entity defendant.). Accordingly the Court should stay all discovery, pending a determination of Sheriff Valdez' motion for summary judgment on the issue of qualified immunity." *Id.* at 7.

Plaintiff again does not address these arguments or authorities other than to assert generally that "Plaintiff has diligently pursued discovery but the Defendants have failed and refused to provide basic and essential information through very untimely initial disclosures, answers to interrogatories, the production of documents,

and additional depositions, including, but not limited to, the deposition of Sheriff Valdez, a party-defendant – all of which is necessary to prosecute this case, and to enable Plaintiff to effectively respond to Defendants' motion for summary judgment, demonstrating there exist genuine issues of material fact that preclude the grant of Defendants' motion for summary judgment" – and that "Defendant Sheriff Valdez has refused to give her deposition, which would provide Plaintiff an opportunity to ask questions about [Sheriff Valdez's policies, procedures, guidelines, recommendations or practices related to inmates with immigration detainers] and other issues – issues that go to the very crux of this lawsuit and are necessary for Plaintiff to make a meaningful response to Defendants' motion for summary judgment." Dkt. No. 63 at 2-3.

The Court finds that Plaintiff's theories of liability alleged against Dallas County are factually derivative of or identical to those alleged against Valdez, *see* Dkt. No. 1, and that discovery should be stayed as to Dallas County's until the Court addresses Valdez's qualified immunity defense, *cf. Walker v. Wilburn*, No. 3:13-cv-4896-D, 2013 WL 6728070, at *1 (N.D. Tex. Dec. 20, 2013) ("Nor does it matter that Walker seeks discovery from sources other than Officer Wilburn. Discovery of any kind 'must not proceed until the district court *first* finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity.' *Wicks*, 41 F.3d at 994."). Because "there are no claims that are factually and legally distinct to" Dallas County, "the Court cannot find that proceeding with discovery as to any claims against [Dallas County] would not be disruptive and will not impede or circumvent any right or entitlement to qualified immunity asserted by" Valdez. *Waller*, 2015 WL 5836041, at *7 (internal quotation marks omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009).

"The Court clearly is interested in keeping this case progressing towards resolution," but "issuing an overly broad discovery order at this time would only serve

to invite [an] interlocutory appeal of that discovery order, *see Zanitz v. Seal*, 602 F. App'x 154 [5th Cir. 2015)], which would further (and needlessly) delay any future day in court for the Plaintiff[.]" *Waller*, 2015 WL 5836041, at *6; *cf. Walker*, 2013 WL 6728070, at *1 n.3 ("Walker lacks good cause for another reason: Officer Wilburn could seek an immediate, interlocutory appeal from any discovery order issued before the court has ruled on the qualified immunity issue. This would impose significant burdens on the efficient administration of Walker's case." (citation omitted)).

Under the framework dictated by Fifth Circuit precedent, "the only discovery permitted at this stage – after a defendant has invoked the qualified immunity affirmative defense and before the defense has been resolved – must be narrowly tailored to uncover facts that the court needs to rule on the defense itself," and, as explained above, Plaintiff has not identified any such discovery. *Id.* at *3.

Further, although Plaintiff has not expressly invoked Federal Rule of Civil Procedure 56(d), even if he had, he has not complied with the procedural and substantive requirements to justify the Court's "deferring a motion for summary judgment or allow[ing] time for a nonmovant to obtain affidavits or declarations or to take discovery if the nonmovant 'shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition.'" *Murillo Modular Group, Ltd. v. Sullivan*, No. 3:13-cv-3020-M, 2016 WL 6565756, at *2 (N.D. Tex. Nov. 3, 2016) (quoting FED. R. CIV. P. 56(d)); *see also Sereseroz v. United States*, No. 3:14-cv-2723-M-BN, 2017 WL 1157224, at *6 (N.D. Tex. Mar. 2, 2017), *rec. accepted*, 2017 WL 1155836 (N.D. Tex. Mar. 27, 2017).

Finally, although Dallas County previously engaged in discovery and previously sought a stay of the case but has not, until now, sought a stay based on Defendant Valdez's unresolved qualified immunity defense, the Court determines, under the circumstances, that "[t]he fact that Defendant [Dallas County] raised the issue of

qualified immunity as a basis for seeking a stay of discovery in [this later-filed] motion does not, without more, warrant a denial of Defendant[s'] motion." *Baker*, 2017 WL 3996415, at *2.

Accordingly, the Court GRANTS Defendants' Motion to Stay Discovery or, in the Alternative, for a Protective Order [Dkt. No. 58] and stays all discovery against Defendant Dallas County pending the Court's resolution of the affirmative defense of qualified immunity that Defendant Valdez raised in her answer [Dkt. No. 5].

C.    Plaintiff's Motion to Compel Responses to Requests and Interrogatories

The Court terminates as moot Plaintiff's Motion to Compel Requests and Interrogatories [Dkt. No. 16] in light of Plaintiff's filing his Amended Motion to Compel Responses to Requests and Interrogatories [Dkt. No. 51].

In his reply in support of the amended motion, Plaintiff explains that

> Defendants have resolved two (2) of the discovery issues complained about by Plaintiff in his motions to compel. In Plaintiff's Amended Motion to Compel Defendants' Complete Responses to Requests and Interrogatories (Doc. 51, "Amended Motion to Compel"), Plaintiff reasserted the complaints he had made in his first motion to compel, inter alia, that Defendants had (a) failed to make their Rule 26(a) initial disclosures, and (b) "dumped" documents in response to Plaintiff's requests for production in a manner wholly inconsistent with the requirements of the Federal Rules of Civil Procedure.
>
> Since the filing of Plaintiff's Amended Motion to Compel, however, Defendants made and served their Rule 26(a) initial disclosures on August 29, 2017, albeit very belatedly. Additionally, as discussed in Defendants' Supplemental Response to Plaintiff's Amended Motion to Compel Defendants' Complete Responses to Requests and Interrogatories and Brief in Support (Docs. 51, 52), Defendants addressed the problem of "dumping" documents with respect to RFP responses in which Defendants stated they would be producing documents, i.e., Defendants' responses to RFPs 2, 4, 5, 6, 7, 8, 9, 12, 13, 14, 17 and 18. The documents produced by Defendants, however, remain unnumbered.

Dkt. No. 63 at 1-2.

Yet Plaintiff contends that "Defendants have not, however, addressed the other issues raised in Plaintiff's Amended Motion to Compel, to wit, unfounded objections, incomplete information and evasive answers in response to Plaintiff's interrogatories and requests for production of documents." Dkt. No. 63 at 2. Plaintiff asserts that he "has diligently pursued discovery but the Defendants have failed and refused to provide basic and essential information through very untimely initial disclosures, answers to interrogatories, the production of documents, and additional depositions, including, but not limited to, the deposition of Sheriff Valdez, a party-defendant." *Id.* at 2-3. "Plaintiff requests that the Court overrule Defendants' objections and order Defendants to produce, in a manner consistent with the Federal Rules of Civil Procedure ('FRCP') and this Court's Local Rules, at a date and time certain all requested documents, including" Request Nos. 4-12, 14-18, and 20, and "overrule Defendants' objections and order Defendants to fully and completely answer all interrogatories, including" Interrogatory Nos. 2, 4-8, and 17. Dkt. No. 52 at 1-11.

But, for the reasons explained above, the Court must stay discovery as to Defendants Valdez and Dallas County, pending the Court's resolution of the affirmative defense of qualified immunity that Defendant Valdez raised in her answer [Dkt. No. 5] and presented for resolution in Defendants' Motion for Summary Judgment [Dkt. No. 30], and, in this amended motion, Plaintiff has not explained how any of the discovery requests at issue are narrowly tailored to uncover facts that the Court will require to rule on the qualified immunity defense.

Accordingly, the Court DENIES without prejudice Plaintiff's Amended Motion to Compel Responses to Requests and Interrogatories [Dkt. No. 51].

D.  Plaintiff's Motion to Compel Disclosures

In response to Plaintiff's Motion to Compel Disclosures [Dkt. No. 18], Defendants' counsel explains that, as to Defendants' "admitted failure to serve Initial Disclosures as required by Fed. R. Civ. P. 26(a)(1)," she "served Plaintiff's counsel with Rule 26(a)(1) Initial Disclosures on August 29, 2017 and filed a notice of such service with the Court." Dkt. No. 55 at 2.

Plaintiff acknowledges the belated service of disclosures but asserts that "Defendants' prolonged refusal to make initial disclosures necessitated Plaintiff's motion to compel initial disclosures from the Defendants"; that "Defendants did not provide initial disclosures until almost a year after Plaintiff's motion to compel Defendants' initial disclosures was filed"; and that, "[a]ccordingly, Plaintiff should be awarded his attorney's fees as against the Defendants, as requested in his motion to compel Defendants' initial disclosures and brief in support." Dkt. No. 62 at 2.

As to a request to order service of disclosures, the Court DENIES as moot Plaintiff's Motion to Compel Disclosures [Dkt. No. 18].

But Federal Rule of Civil Procedure 37(a)(5)(A) provides that, if a motion to compel "is granted – or if the disclosure ... is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion,

including attorney's fees." FED. R. CIV. P. 37(a)(5)(A). "But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id.*

The Court will grant Defendants until **October 4, 2017** to file a response explaining why the Court should not enter an order requiring them or their counsel to pay Plaintiff Miguel Angel Luna, as required by Rule 37(a)(5)(A), the expenses, including attorneys' fees, that he incurred in drafting and filing his Motion to Compel Disclosures [Dkt. No. 18]. Plaintiff may file a reply in support of an award of expenses under Rule 37(a)(5)(A) by **October 18, 2017**.

### Revised Scheduling Order and Recommendation

Plaintiff Miguel Angel Luna must file a response to in Defendants' Motion for Summary Judgment [Dkt. No. 30] by **October 21, 2017**, and Defendants must file any reply by **November 4, 2017**. If any claims remain after the Court decides Defendants' Motion for Summary Judgment [Dkt. No. 30], the Court will reestablish deadlines for any remaining discovery and to file and serve discovery motions (except for motions in limine or objections filed pursuant to Federal Rule of Civil Procedure 26(a)(3)).

Because of the possible need for additional discovery-related proceedings if the Court does not grant Defendants' Motion for Summary Judgment [Dkt. No. 30] as to all claims, the undersigned recommends that the current trial setting for the two-week

docket of February 20, 2018 be adjusted to a later two-docket at least 90 days after the current setting.

SO ORDERED.

DATED: September 21, 2017

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE